order is modified, on the law, without costs, by reversing so much thereof as granted a motion for summary judgment dismissing the unlawful imprisonment claim against defendants Steven Dubrovsky, Woodstone Lakes Development, LLC, Woodstone Toronto Development, LLC and Woodstone Crestwood Development, LLC; said motion denied to that extent; and, as so modified, affirmed.

█ In the Matter of AMEDEO DELMEDICO, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [919 NYS2d 400]—Per Curiam. Respondent was admitted to practice by this Court in 2009. He resides in England.

Petitioner has charged respondent with failing to fully disclose his criminal record on his application for admission, among other charges. In response, respondent has tendered his resignation, which complies with the rules of this Court (see 22 NYCRR 806.8). Petitioner advises that it has no objection to respondent's resignation.

We accept respondent's disciplinary resignation and, in accordance with our rules, order his disbarment from the practice of law (see 22 NYCRR 806.8 [b]).

Peters, J.P., Spain, Stein, McCarthy and Garry JJ., concur. Ordered that respondent's resignation application is accepted; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (see 22 NYCRR 806.9).

**37** In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner; JOSEPH C. JASAITIS, Respondent. [919 NYS2d 401]—Per Curiam. Respondent, who was admitted to practice by this Court in 1996, was suspended by this Court's order dated September 24, 2009 for failure to comply with the attorney registration requirements of Judiciary Law § 468-a (Matter of Attorneys in Violation of Judiciary Law § 468-a, 65 AD3d 1447 [2009]).

Respondent now requests reinstatement on the ground that

he has complied with the attorney registration requirements of Judiciary Law § 468-a and the rules of the Chief Administrator of the Courts (*see* 22 NYCRR part 118). Petitioner does not object to respondent's application.

Respondent's application is granted and he is ordered reinstated, effective immediately.

Mercure, J.P., Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that respondent's application is granted; and it is further ordered that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner; JISU KIM, Respondent. [919 NYS2d 401]—Per Curiam. Respondent, who was admitted to practice by this Court in 1996, was suspended by this Court's order dated September 24, 2009 for failure to comply with the attorney registration requirements of Judiciary Law § 468-a (*Matter of Attorneys in Violation of Judiciary Law § 468-a*, 65 AD3d 1447 [2009]).

Respondent now requests reinstatement on the ground that he has complied with the attorney registration requirements of Judiciary Law § 468-a and the rules of the Chief Administrator of the Courts (*see* 22 NYCRR part 118). Petitioner does not object to respondent's application.

Respondent's application is granted and he is ordered reinstated, effective immediately.

Mercure, J.P., Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that respondent's application is granted; and it is further ordered that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

■ In the Matter of STEPHEN TSAI, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [919 NYS2d 402]—

Per Curiam. Respondent was admitted to practice by this Court in 1991. He was admitted to practice in New Jersey in 1992 and maintained an office for the practice of law in that state.

By order dated October 19, 2010, the Supreme Court of New Jersey disbarred respondent for misuse of trust funds, among other professional misconduct.

Pursuant to this Court's rules (*see* 22 NYCRR 806.19), petitioner moves for the imposition of discipline based upon the